# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 1432 | DATE | 8/3/2004 |
| CASE TITLE | Dr. DAVID I. EROMON vs. GRAND AUTO SALES, INC., et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant U.S. Bancorp's motion to dismiss is granted in part and denied in part. Status hearing set for 9/14/04 at 9:15 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 19 |
| ✓ | Docketing to mail notices. | | GMA docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | 2004 AUG -3 PM 6:42 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. DAVID I. EROMON, )
)
        Plaintiff, )
)
    vs. ) No. 04 C 1432
)
GRAND AUTO SALES, INC. and )
U.S. BANCORP CARD SERVICES, )
INC., )
)
        Defendant. )

DOCKETED
AUG 0 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff David Eromon filed a four-count complaint against defendant Grand Auto Sales, Inc. (Grand) and U.S. Bancorp Card Services, Inc. (U.S. Bancorp) alleging violations of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.* (FOA), the Illinois Motor Vehicle Code, 325 ILCS 5/3-112.1 (IMVC), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (ICFA), and seeking a declaratory judgment. Defendant U.S. Bancorp filed a motion to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

On June 24, 2002, the plaintiff entered into a contract with Grand to purchase a 1995 Nissan Pathfinder. As required by the FTC Holder Rule, 16 C.F.R. § 433.2, the contract contained the following provision:

> Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant thereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

The sales contract was subsequently assigned to U.S. Bancorp, which has been collecting monthly payments from the plaintiff.

Plaintiff alleges that Grand failed to show him title to the vehicle at the time of purchase and never provided him with a certificate of title or valid permanent license plates. He has since discovered a prior lien on the vehicle, with title in the lien holder. He claims that, because defendants conspired to sell him a vehicle without valid title, he has frequently been ticketed by the police and is no longer able to drive the vehicle.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

We deal first with counts I and II of plaintiff's complaint, in which he seeks damages for violations of the federal and state odometer laws. The FTC Holder Rule allows a plaintiff to state a claim against the holder of a note in cases where the alleged breach by the seller is so substantial that rescission and restitution are justified. Reavley v. Toyota Motor Sales U.S. Corp., 2001 WL 127662, *4 (N.D. Ill.). In Reavley, the plaintiffs claimed that the defendants sold them a car with between 60,000 and 90,000 miles, while representing the mileage to be 14,000. Id. at *1. The court determined that plaintiffs could bring suit against the assignee of the financing contract pursuant to the FTC Holder Rule because the plaintiffs would have been unlikely to enter into the contract in the absence of the defendants' wrongdoing. Id. at *5.

Plaintiff's claims here are nearly identical to those in Reavley. He claims that defendants' breach was substantial, rendering the car essentially worthless to him. In count IV, he seeks rescission of the contract and argues that he would not have entered into the deal in the absence of defendants' wrongdoing. The FTC Holder Rule allows plaintiff to bring such a claim against U.S. Bancorp, even in the absence of specific allegations of wrongdoing.[1]

In count III, the plaintiff seeks damages for violations of the ICFA. Both the Illinois Supreme Court and the Seventh Circuit have found that the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (TILA), trumps the FTC Holder Rule in cases where the plaintiff alleges fraud based on a financing contract. Jackson v. South Holland Dodge, 755 N.E.2d 462, 471-72 (Ill. 2001); Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 693 (7th Cir. 1998). In Jackson, the plaintiff brought suit against a car dealership and the assignee of the financing contract, alleging that the contract misrepresented the price of the extended service warranty. 755 N.E.2d at 464. In affirming the dismissal of the ICFA claim against the financing company, the court held that TILA expressly limits the liability of assignees to those defects apparent on the face of the loan documents. *Id.* at 468-69. Because the financing corporation could not have known the price of the warranty, and known that the contract was erroneous, TILA protected it from liability. *Id.*

Because there are no allegations that the alleged wrongdoing was apparent on the face of the contract or that U.S. Bancorp otherwise failed to fulfill its obligations under TILA, the FTC Holder Rule is trumped and plaintiff cannot use it to recover from U.S. Bancorp as the assignee. The plaintiff may be able to state a claim against an assignee defendant by alleging active and direct participation in the fraud. *See* Jackson, 755 N.E.2d at 470-71 ("if a plaintiff

---

[1] We note that the FTC Holder Rule limits the liability of an assignee to the amount paid by the plaintiff pursuant to the note. Of course, if plaintiff is able to prove that U.S. Bancorp actually participated in the scheme (as he alleges), such a limitation would not apply.

could allege specific facts showing that the assignee met with the car dealer an concocted a scheme to put false statements on the financing statement, an assignee would not be exempt."). While there is one sentence in the complaint indicating that defendants conspired to defraud the plaintiff, there are no specific allegations of affirmative wrongdoing by U.S. Bancorp – certainly nothing that rises to the level of specification necessary to state a claim for fraud under the ICFA.

Finally, we turn to count IV of the complaint, in which plaintiff seeks a declaratory judgment stating that defendants' conduct violated the law and rescinding the contract. We read that claim to seek proper injunctive relief and recognize that, even if a declaratory judgment is not the proper remedy in this case, some such injunctive relief may be appropriate.

## CONCLUSION

For the foregoing reasons, defendant U.S. Bancorp's motion to dismiss is granted in part and denied in part.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 3, 2004.