Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1432 | **DATE** | 12/17/2004 |
| **CASE TITLE** | DR. DAVID EROMON vs. GRAND AUTO SALES, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to dismiss is granted - count IV is dismissed without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 21 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 26 |
| ✓ | Mail AO 450 form. | | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DR. DAVID EROMON,            )
                             )
         Plaintiff,          )
                             )
    vs.                      )    No. 04 C 1432
                             )
GRAND AUTO SALES, INC. and   )
U.S. BANCORP CARD SERVICES,  )
INC.                         )
                             )
         Defendants.         )

DOCKETED
DEC 2 1 2004
DEC 2 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff David Eromon brought this action against defendants Grand Auto Sales, Inc. (Grand Auto) and U.S. Bancorp Card Services, Inc. (U.S. Bancorp)[1] for violation of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.*, the Illinois Motor Vehicle Code, 625 ILCS 5/3-112.1, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (ICFA). After the court granted U.S. Bancorp's motion to dismiss the ICFA claim against it, plaintiff filed a second amended complaint re-alleging a statutory fraud claim against U.S. Bancorp (count IV)[2]. The defendant now brings another motion to dismiss this count. The motion is granted – count IV is dismissed without prejudice.

## BACKGROUND

On June 24, 2002, plaintiff entered into a contract with Grand Auto for the purchase of a 1995 Nissan Pathfinder. The contract, which was assigned to U.S. Bancorp, included a

---

[1] Both parties have repeatedly referred to this defendant as "U.S. Bankcorp Card Services, Inc." Oftentimes they switch between "Bankcorp" and "Bancorp" in the same filing. The proper name of the defendant is "U.S. Bancorp Card Services, Inc."

[2] Plaintiff's complaint contains two count IV's; defendant's motion addresses the second of the two, which alleges "U.S. BankCorp's [sic] independent Violations of the Consumer Fraud and Deceptive_Business Practices Act, 815 ILCS 505."

provision, stating:

> Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant thereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.

Grand Auto issued plaintiff a temporary license plate for the vehicle upon purchase; however, it never provided a permanent plate before its expiration.

Sometime after August 9, 2002, plaintiff informed U.S. Bancorp that Grand Auto had not provided the vehicle title. U.S. Bancorp, allegedly aware that there was a prior lien on the title, did not so inform plaintiff. Prior to December 31, 2002, U.S.Bancorp informed plaintiff that it had title to the car and that it would deliver the title when the note was paid in full. According to the complaint, U.S. Bancorp encouraged plaintiff to repay the loan sooner by making larger payments on the note, which plaintiff did on three occasions. In response to plaintiff's two requests for a copy of the title, U.S. Bancorp told plaintiff that state bureaucracy was causing its delay. Thereafter, plaintiff learned that neither U.S. Bancorp nor Grand Auto had title to the car – a previous lienholder did. Without evidence of title, plaintiff has been unable to license the vehicle. As a result, he received several tickets for driving the vehicle after its temporary license plate had expired and he now no longer drives the car.

## DISCUSSION

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989); General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997). In deciding a motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a

claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

To state a claim under the ICFA, plaintiff must prove "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." Oliveira v. Amoco Oil Co., 201 Ill.2d 134, 149, 776 N.E.2d 151, 160 (Ill. 2002). Under Fed.R.Civ.P. 9(b), a plaintiff must plead this statutory fraud claim with particularity. Murry v. America's Mortgage Banc, Inc., 2004 WL 1474584 at *6 (N.D.Ill. 2004)("A plaintiff must plead a violation of the Illinois Consumer Fraud Act with the heightened specificity required by Rule 9(b)."); Daniels v. Bursey, 313 F.Supp.2d 790, 801 (N.D.Ill. 2004). Rule 9(b) requires that the circumstances of the fraud be plead in detail. Thus, plaintiff must plead "the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

In a previous decision the court dismissed plaintiff's ICFA claim against U.S. Bancorp., Eromon v. Grand Auto Sales, Inc., 333 F.Supp.2d 702, 704 (N.D.Ill. 2004). We explained that even though the FTC Holder Rule allows plaintiff to state a claim against the holder of a note where the seller's breach would justify rescission and restitution, the Truth In Lending Act limits the liability of an assignee, where plaintiff alleges fraud based on a financing contract. *Id.* at 704. An assignee's liability is limited to defects apparent on the face of the loan documents. *Id.* Though U.S. Bancorp could be held liable for active and direct participation

in a fraud, plaintiff's original complaint provided "no specific allegations of affirmative wrongdoing by U.S. Bancorp." *Id.* at 705.

In his second amended complaint, plaintiff re-alleges an ICFA claim against U.S. Bancorp, this time asserting that the company directly partook in the fraud. Nonetheless, plaintiff has failed to meet the requirements of Rule 9(b) and, thus, the claim is dismissed. Plaintiff claims that U.S. Bancorp, aware that the title on plaintiff's vehicle had a prior lien, lied by stating that it had the title and blaming its delay in providing plaintiff with a copy on state bureaucracy. Defendant argues that plaintiff's complaint fails to sufficiently allege who perpetrated the fraud and when. While the complaint does not name specific individuals who made the alleged statements, it asserts that they were employees/representatives of U.S. Bancorp (*e.g.*, "When plaintiff contacted U.S Bankcorp [sic] . . . [it] did not inform him that there was a prior lien on tile [sic] despite having knowledge that there was a prior lien on title."), which satisfies Rule 9(b)'s heightened standard. *See* Pressalite Corp. v. Matsushita Electric Corp. of America, 2003 WL 1811530 at *8 (N.D.Ill. 2003); AAR International, Inc. v. Vacances Heliades S.A., 202 F.Supp.2d 788, 799 (N.D.Ill. 2002); Heller Brothers Bedding, Inc. v. Leggett & Platt, Inc., 2001 WL 740514 at *3 (N.D.Ill. 2001)(finding that Rule 9(b) is satisfied where plaintiff pleads that fraud was perpetrated by employees of defendant).

Nonetheless, plaintiff does not sufficiently allege when this fraud took place. "Providing broad time ranges when misrepresentations were made is not sufficient to satisfy Rule 9(b)." Cook v. Exelon Corp., 2002 WL 31133274 at *5 (N.D.Ill. 2002)(citing Clark v. Robert Baird Co., 142 F.Supp.2d 1065, 1072 (N.D.Ill. 2001)). The heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years. *See* Clark, 142 F.Supp.2d at 1072. Plaintiff's only references to time are that after August 9, 2002, U.S. Bancorp failed to inform him of the prior lien on the title and, before

December 31, 2002, the company falsely stated that it had title to the vehicle. These open-ended time periods fail to satisfy the purpose behind Rule 9(b). "The purpose (the defensible purpose, anyway) of the heightened pleading requirement in fraud cases is to force the plaintiff to do more than the usual investigation before filing his complaint." Ackerman v. Northwestern Mutual Life Insurance Co., 172 F.3d 467, 469 (7th Cir. 1999). A heightened pre-complaint investigation ensures that the claim is "responsible and supported, rather than defamatory and extortionate." *Id.* Based on the complaint's allegations, it cannot be said that plaintiff has performed the required investigation. While the Seventh Circuit has noted that Rule 9(b) should be relaxed where a plaintiff lacks access to all the necessary facts required for a sufficient pleading, *see* Emery v. American General Finance, Inc., 134 F.3d 1321, 1323 (7th Cir. 1998), such is not the case here. As defendant points out, even plaintiff acknowledges that he could determine when the fraud took place by reviewing his own phone records.[3] This is exactly the type of investigation that must occur before filing a fraud claim.

Plaintiff's failure to plead his fraud claim with particularity results in its dismissal without prejudice. However, U.S. Bancorp argues that plaintiff's claim suffers from a more fundamental flaw – failure to allege any damage proximately caused by U.S. Bancorp – that merits dismissal with prejudice. In his complaint, plaintiff states that as a result of U.S. Bancorp's fraud he made larger loan payments than were required, and he was pulled over by the police and issued tickets for driving an unlicenced car. Neither of these allegations amount to damages caused by U.S. Bancorp. Plaintiff was not damaged by his decision to submit three loan payments for more than the required monthly amount because he was

---

[3] While we understand that a subpoena would be needed to acquire the phone records of a third party, we are unaware as to the reason why plaintiff would be unable to get his phone records from the phone company without a subpoena.

contractually obligated to re-pay this money eventually (an obligation which he continues to meet) and he has not alleged that U.S. Bancorp failed to properly credit his over-payments. Nor can plaintiff attribute damages resulting from driving his unlicenced car to U.S. Bancorp. The tickets he received, and any embarrassment or stress that he experienced as a result of being pulled over by the police, resulted not from U.S. Bancorp's alleged representations regarding its possession of the title, but from plaintiff's decision to drive an unlicenced car.

Nonetheless, the complaint contains another allegation that may give rise to damages: "Plaintiff has almost paid off a vehicle that he cannot drive." Plaintiff has alleged the loss of use of the vehicle because he is unable to licence it and therefore unable to legally drive it. U.S. Bancorp's alleged statements misled plaintiff to believe that the creditor held a proper title. Given this alleged deception, plaintiff was unaware of any need to pursue options to clear up the title and precipitate his receipt of a license plate. Under the false impression that bureaucracy was impeding his ability to obtain a license plate, not a prior lien, plaintiff was unable to address the problem with his car's title for a certain period of time, potentially extending the period during which he was unable to drive it. Thus, at this stage we cannot find that plaintiff has not alleged any damages against U.S. Bancorp.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted – count IV is dismissed without prejudice.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 17, 2004.